**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CHRISTOPHER CULLEN,

Plaintiff,

v. CV 06-0341 MV/WPL

HATCH, T., WARDEN G.C.C.F.,
G.E.O. INC., VIGIL, M., STATE MONITOR, G.C.C.F.,
WILLIAMS, J., HEAD OF CORRECTIONS,
SEDILLO, E., DEPUTY SECRETARY OF OPERATIONS,

Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD) (Doc. 28) and Plaintiff's objections thereto (Doc. 30). Having conducted a *de novo* review, I find Plaintiff's objections to be without merit for the following reasons.

Plaintiff appears to advance four primary objections to the Magistrate Judge's PFRD. Plaintiff first points out that while the Magistrate Judge "stated that Tarot Cards are prohibited at this facility," Tarot Cards have in fact "been allowed and are allowed here at G.C.C.F. as well as othere [sic] prisons in the State of New Mexico." (Doc. 30 at 1.) Based on my review of the record, it appears undisputed that the Guadalupe County Correctional Facility prohibits the use of Tarot cards. (Doc. 16 Ex. H.) Exceptions are made, however, when the need for a prohibited item, such as Tarot cards, arises out of a sincerely held religious belief. (Doc. 16 Ex. H.) At issue in Plaintiff's claim is not the prison's prohibition of Tarot cards, but instead whether Plaintiff's effort to use Tarot cards triggers an exception to their prohibition. Plaintiff's objection overlooks this distinction and therefore lacks merit.

Plaintiff's second objection states that the Magistrate Judge's "replys [sic] are for the most part based on a 1983 claim. I filed a state tort claim under state law following the rules laid down by the Correction Department of New Mexico." (Doc. 30 at 1.) Plaintiff's effort to invoke state tort law is unavailing. Plaintiff seeks relief for the deprivation of his rights under the First Amendment's Free Exercise clause by state officials. Section 1983 provides "private citizens a cause of action for violations of federal law by state officials." *Williams v. Bitner*, 359 F. Supp. 2d 370, 374 (M.D. Pa. 2005). Accordingly, Plaintiff's second objection is meritless.

Plaintiff's third objection offers a justification for Plaintiff's failure to bring his religious beliefs to the attention of prison officials. Plaintiff contends that he did not mention his religious belief along with his grievance because he had "purched [sic] my Tarot cards with permission from a caseworker and a warden without chalange [sic] when they signed my Debit Memo that stated my purches [sic]." (Doc. 30 at 2.) Plaintiff also contends that "There is no mention in the library or the Inmate hand book that religous [sic] items are to be registard [sic] wheather [sic] it be Tarot cards, Bibles, or prayer rugs, these items are personal property." (Doc. 30 at 2.) While such factual allegations may be relevant to some of Plaintiff's ongoing claims, they are not relevant to Plaintiff's claim under the First Amendment's Free Exercise clause. The Magistrate Judge correctly noted that "[w]hether Defendants were aware, or should have been aware, of Plaintiff's sincerely held religious beliefs at the time Defendants confiscated and disposed of Plaintiff's Tarot card set is [] an essential element in Plaintiff's § 1983 claim against Defendants." (Doc. 28 at 6.) *Cf. Rayes v. Eggars*, 838 F. Supp. 1372, 1378 (D. Neb. 1993) (concluding that "the undisputed facts are insufficient to permit a rational finder of fact to conclude that the challenged regulations or Defendants' conduct infringed upon Plaintiff's religious beliefs inasmuch as Plaintiff never complained that consuming [food containing

meat] violated his religious beliefs"). Plaintiff's objection offers no new arguments. Nor do the factual allegations contained in Plaintiff's objection undermine the Magistrate Judge's conclusion that no issue of material fact exists regarding Defendants' awareness of Plaintiff's sincerely held religious beliefs at the time Defendants confiscated and disposed of Plaintiff's Tarot card set.

Plaintiff's fourth objection contends that the prison's confiscation and return of his Tarot card set violated prison procedure. (Doc. 30 at 3.) Plaintiff also argues that a prison document incorrectly attributed a statement to the wrong prison official. (Doc. 30 at 3.) Plaintiff provides little explanation of the relevance of such discrepancies to his First Amendment claim. Such allegations may be relevant to some of Plaintiff's ongoing claims. They are not, however, relevant to Plaintiff's claim under the First Amendment's Free Exercise clause.

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 30) are adopted by the Court;

2) Defendants' Motion for Summary Judgment (Doc. 16) as to Plaintiff's claim under the First Amendment's Free Exercise Clause is granted;

3) Plaintiff's claim under the First Amendment's Free Exercise Clause is dismissed as to all Defendants; and

4) Plaintiff's Complaint is construed as raising a claim under § 1983 alleging a violation of the Fourteenth Amendment's Due Process and Equal Protection Clauses and as a claim under the Religious Land Use and Institutionalized Persons Act.

MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE