IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER CULLEN,

    Plaintiff,

v.                                                                             CV 06-0341 MV/WPL

HATCH, T., WARDEN G.C.C.F.,
G.E.O. INC., VIGIL, M., STATE MONITOR, G.C.C.F.,
WILLIAMS, J., HEAD OF CORRECTIONS,
SEDILLO, E., DEPUTY SECRETARY OF OPERATIONS,

    Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on the Magistrate Judge's Proposed Finding and Recommended Disposition (PFRD) (Doc. 48) and Plaintiff's objections thereto (Doc. 49). Having conducted a *de novo* review, I find Plaintiff's objections to be without merit.

Plaintiff appears to raise four objections to the Magistrate Judge's PFRD. First, Plaintiff contends that the property officer confiscated his Tarot cards despite the prison's prior approval of his purchase. (Doc. 49 at ¶¶ 1 & 2.) Confiscation of an item by a property officer, however, does not appear to be the type of "atypical or significant hardship" worthy of protection under the Fourteenth Amendment's Due Process Clause. *See Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999). Moreover, Plaintiff makes no allegation in his pleadings or in his objections to suggest that he has not received a refund from the vendor. Indeed, the absence of such an allegation from Plaintiff's objections strongly suggests that Plaintiff did receive a refund. Accordingly, Plaintiff's first objection is meritless.

In his second objection, Plaintiff contends that "Tarot cards are allowed here and in the state prisons. I am not registred [sic] with any religion or group, just as many othere [sic] inmates are not registred [sic] but allowed othere [sic] religious items, Bibels [sic], cross's [sic], prayer rugs, ect ect.. [sic]" This objection appears to challenge the Magistrate Judge's recommended disposition of Plaintiff's claim under the Equal Protection Clause. Plaintiff appears to asserts that he was treated differently from those inmates allowed access to Tarot cards, Bibles, crosses, and other items of religious significance. To sustain an equal protection claim, however, Plaintiff "must show a 'discriminatory purpose' leading to disparate treatment." *Roberts v. Champion*, 255 F. Supp. 2d 1272, 1290 (D. Okla. 2003) (citing *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)). Mere reference to inmates who are allowed access to religious items fails to establish the presence of purposeful discrimination necessary to establish a claim under the Equal Protection Clause. Accordingly, Plaintiff's objection to the Magistrate Judge's recommended disposition of Plaintiff's Equal Protection claim is meritless.

Plaintiff's third objection appears to challenge the Magistrate Judge's recommended disposition of Plaintiff's claim under the Religious Land Use and Institutionalized Persons Act. Plaintiff contends that "[t]o deny anybody a chance to find a belife [sic] is nothing more than persecution." (Doc. 49 at ¶ 5.) RLUIPA provides that "[i]f plaintiff produces prima facie evidence to support a claim alleging a violation of the Free Exercise Clause . . . the government shall bear the burden of persuasion on any element of the claim, except that the plaintiff shall bear the burden of persuasion on whether the law . . . or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion." 42 U.S.C. § 2000cc-2(b). At issue in Plaintiff's claim, therefore, is not Plaintiff's inability to use Tarot cards as part of his religious beliefs, but instead whether prison officials were aware, when confiscating Plaintiff's Tarot cards,

2

that the Tarot cards were part of Plaintiff's exercise of a sincerely held religious belief. Plaintiff's objections provide nothing that could be construed as an allegation that prison officials were aware, when confiscating Plaintiff's Tarot cards, of a connection between the Tarot cards and Plaintiff's sincerely held religious beliefs. Plaintiff's objection, therefore, is without merit.

Plaintiff's fourth objection appears to contest the Magistrate Judge's Order to Stay Discovery. In an Order filed on January 31, 2007, the Magistrate Judge stayed discovery pending the resolution of Defendants' first Motion for Summary Judgment and denied, without prejudice, Plaintiff's Motion to Compel. The Magistrate Judge observed that he would reconsider Plaintiff's Motion to Compel "should it become apparent upon . . . the filing of any subsequent summary judgment motions that discovery may be warranted . . . ." (Doc. 29 at 2.) Plaintiff has not pointed to any discoverable facts that would warrant reconsideration of the Magistrate's denial of Plaintiff's Motion to Compel. Accordingly, I conclude that Plaintiff's fourth objection is meritless.

IT IS THEREFORE ORDERED that:

1) The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 48) are adopted by the Court;

2) Defendants' Motion for Summary Judgment (Doc. 35) is granted; and

3) Plaintiff's claims under the Fourteenth Amendment and the Religious Land Use and Institutionalized Persons Act are dismissed as to all Defendants.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE